IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:20-cv-00037-RM-MEH

JABARI J. JOHNSON,

    Plaintiff,

v.

GILES,
TONCHIE,
CARPENTAR,
BOOTH,
CAPTAIN WILLIAM SCOTT, and
NURSE VICTORIA RALLENS,

    Defendants.

---

## ORDER

---

    This matter is before the Court on Plaintiff's "Motion Responding to Hegarty's Document 131 Denial of Supplemental Complaint as Hegarty Retaliates against Plaintiff causing Plaintiff to Request a Change of Venue and Judge" (ECF No. 138). The Court finds no response is required before ruling. *See* D.C.COLO.LCivR 7.1(d).

    The Court construes Plaintiff's filings liberally because he proceeds *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, the Court does not serve as Plaintiff's advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009), and Plaintiff is required to follow the same procedural rules as counseled parties. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

    Plaintiff's Motion complains about Magistrate Judge's Hegarty's Minute Order (ECF No. 131) denying Plaintiff's Motion Requesting to Supplement Complaint (ECF No. 129). To the

extent Plaintiff's Motion is an objection to the Minute Order, it is untimely as beyond the fourteen (14) days allowed for objections. Regardless, the Court has considered the Motion on the merits and is not persuaded that relief should be granted.

In this case, the undersigned is the presiding judicial officer with Magistrate Judge Hegarty as the assigned referral magistrate judge. Plaintiff alleges Magistrate Judge Hegarty is biased and prejudiced because he denied Plaintiff's request to supplement his complaint. Accordingly, Plaintiff seeks to change venue and judge. The Court's review of the record, however, shows no evidence of bias or prejudice by the Magistrate Judge against Plaintiff to support his request to have a different magistrate judge assigned to this case. Plaintiff's complaint of adverse rulings is insufficient. *See United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976) ("Nor are adverse rulings by a judge grounds for disqualification."); *see also Quintana v. Adair*, 673 F. App'x 815, 822 (10th Cir. 2016) ("adverse rulings are not in themselves grounds for recusal").[1] Thus, any request to change the magistrate judge is denied. Concomitantly, it follows that any change of venue is also denied. Accordingly, it is

**ORDERED** that Plaintiff's "Motion Responding to Hegarty's Document 131 Denial of Supplemental Complaint as Hegarty Retaliates against Plaintiff causing Plaintiff to Request a Change of Venue and Judge" (ECF No. 138) is **DENIED**.

DATED this 5th day of January, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[1] Moreover, Magistrate Judge Hegarty's denial of leave to supplement was without prejudice – this allows Plaintiff an opportunity to file another request, but one which is fully compliant with all applicable rules and deadlines.