IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00037-RM-MEH

JABARI J. JOHNSON,

      Plaintiff,

v.

GILES,
TONCHIE,
CARPENTAR, and
BOOTH,

      Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Michael E. Hegarty, United States Magistrate Judge**.

      Plaintiff Jabari J. Johnson ("Plaintiff") filed his third motion seeking leave to supplement his operative pleading ("Motion"). ECF 199; *see also* ECF 129 and 187. Although no Defendant has responded to Plaintiff's Motion, the Court finds that further briefing would not materially assist in its adjudication. D.C.Colo.LCivR 7.1(d). The Motion has been referred by District Judge Raymond P. Moore for a recommendation. ECF 201. As set forth below, this Court respectfully recommends denying Plaintiff's Motion.

## BACKGROUND

      The Court described the factual allegations in this matter in its recommendation issued on August 18, 2020. ECF 85 at 2–3. Because a recitation of those facts is not necessary here, the Court incorporates them herein. *Id.* To provide a brief procedural summary, Plaintiff is a prisoner currently housed at Colorado State Penitentiary, who initiated this pro se action on January 6,

2020. On February 11, 2020, Plaintiff filed the operative Amended Prisoner Complaint ("Amended Complaint") as a matter of course alleging generally that Defendants inflicted cruel and unusual punishment stemming from an incident when Defendants Tonche and Carpenter were escorting Plaintiff. Am. Compl. at 6. A partial motion to dismiss was filed on June 22, 2020, and this Court recommended (and District Judge Moore adopted) that certain claims and then-Defendant William Scott be dismissed. ECF 43, 85, 96. Subsequently, the Court issued a recommendation on the motion for summary judgment filed by Defendants Giles, Tonchie, and Carpenter, recommending that the claims against them be dismissed for failure to exhaust. ECF 134. That recommendation remains pending before District Judge Moore. In August 2021, the Court issued another recommendation as to the claims against then-Defendant Victoria Rallens for failure to serve. ECF 166. District Judge Moore accepted that recommendation and dismissed Defendant Rallens. ECF 168.

Two months ago, Plaintiff filed a motion for leave to amend and supplement his Amended Complaint. ECF 187. This Court issued a recommendation to deny the motion and strike the contemporaneously filed amended pleading. ECF 190. Plaintiff did not timely object to that recommendation. The recommendation remains pending before District Judge Moore. Nevertheless, Plaintiff again seeks leave to supplement his Amended Complaint to add numerous defendants (at least thirty) and add news claims and factual allegations that arose after this lawsuit was filed. ECF 200.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure provides that "on motion and reasonable notice," the district court has discretion to permit a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be

supplemented." Fed. R. Civ. P. 15(d). "Trial courts are given 'broad discretion' when deciding whether to permit a party to serve a supplemental pleading." *Browne v. City of Grand Junction*, 136 F. Supp. 3d 1276, 1298 (D. Colo. 2015) (citing *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001)). "The court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)." *Moulton v. West*, No. 11-cv-03119-MSK-MJW, 2012 WL 2153429, at *1 (D. Colo. June 12, 2012) (quoting *Southwest Nurseries, LLC v. Florists Mut. Ins., Inc.*, 266 F. Supp. 2d 1253, 1256 (D. Colo. 2003)). Therefore, "[l]eave to supplement a complaint should be given freely, based on the balancing of several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies and prejudice to the opposing party." *Rezaq v. Nalley*, No. 07-cv-02483-LTB-KLM, 2010 WL 965522, at *3 (D. Colo. March 15, 2010) (citing *Moore v. Reynolds*, 153 F.3d 1086, 1116 (10th Cir. 1998)); *see also Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1186 (10th Cir. 2015).

The Court respectfully recommends denying Plaintiff's Motion for three reasons. First, Plaintiff fails to demonstrate why amendment or supplementation should be permitted. Second, the proposed SAC would cause unreasonable delay. Third, Plaintiff's attempt to supplement would circumvent the litigation-review procedures for inmate litigants.

## I.       Reasoning

Plaintiff's Motion consists of two sentences with two legal citations. He argues that the Court should grant such requests liberally and in the interest of justice. ECF 199. But he does not even attempt to discuss Rule 15 or why amendment and supplementation should be permitted in this case. While pro se filings must be construed liberally, the Court will not act as Plaintiff's advocate and make arguments for him that he himself did not make. *Garrett v. Selby Connor*

3

*Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The failure to provide any meaningful and non-conclusory reasoning to support the relief he seeks warrants dismissal of the Motion.

## II. Unreasonable Delay

Additionally, the Court recommends denial of the Motion based on unreasonable delay. The addition of at least thirty new defendants—many of whom are named by a single name—will cause delay in this case as service is attempted. Also, it is reasonable to anticipate that adding this many new defendants and additional new claims would cause the scope of discovery to broaden. "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery,' [or] to present 'theories seriatim' in an effort to avoid dismissal . . . ." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (internal citations omitted). Particularly, Plaintiff's new allegations and claims can reasonably be viewed as attempts to "salvage a lost case by untimely suggest[ing] . . . new theories of recovery," *id.*, since Plaintiff only raises these claims following the dismissal of certain defendants and the recommendation to grant summary judgment in favor of the majority of the remaining defendants. The Court recognizes that supplementation of a complaint will always cause some delay, but in this case, for the reasons explained, the Court finds that supplementation would cause unreasonable delay and recommends denying Plaintiff's Motion.

## III. Filing Restrictions

Finally, the Court recommends denying Plaintiff's attempt to supplement because it would "operate to subvert litigation-review procedures that apply to inmate litigants, including the requirement that inmates pay filing fees and undergo screening of complaints for frivolousness."

*Johnson v. Reyna*, No. 20-cv-00459-PAB-MEH, 2021 WL 849770, at *3 (D. Colo. Jan. 25, 2021) (quotation omitted), *recommendation adopted,* 2021 WL 848205 (D. Colo. Mar. 4, 2021). This argument has particular importance to this Plaintiff. As mentioned in prior court orders, from August 2017 to December 2020, Plaintiff filed at least one hundred prisoner complaints in this District. He filed at least an additional forty-four civil cases in 2021 and already has filed at least twelve this year (five more since this Court's prior recommendation).

Senior District Judge Lewis T. Babcock previously sanctioned Plaintiff and imposed filing restrictions due to Plaintiff's "malicious and abusive" filing of cases. *See Johnson v. Hawkins et al.*, No. 19-cv-03730-LTB, ECF 10 (D. Colo. Mar. 4, 2020). Not surprisingly, this District is enforcing those restrictions. *E.g.*, No. 20-cv-03263-LTB, ECF 4 (D. Colo. Nov. 6, 2020) (dismissing case for failure to comply with filing restrictions); No. 22-cv-00005-LTB, ECF 3 (D. Colo. Jan. 6, 2022) (same). Plaintiff failed to appeal the imposition of filing restrictions, and, consequently, the Tenth Circuit has found no abuse of discretion in their being imposed. *Johnson v. Little*, 852 F. App'x 369, 373–74 (10th Cir. 2021). The addition of at least thirty defendants in this matter and the focus on supplementing the Amended Complaint now to include more recent occurrences can reasonably be construed as an attempt to circumvent the filing restrictions imposed on Plaintiff. Excluding his 2022 cases, this case remains the last pending case for Plaintiff in this District. He cannot be allowed to evade filing restrictions by using this case as the vehicle to do so. Although the reasons stated elsewhere in this Recommendation are sufficient grounds to recommend denying Plaintiff's Motion, this is an additional reason warranting denial.

## IV.    Dismissal Warning

Plaintiff's Motion is the second such filing in recent months submitted by Plaintiff in an attempt to dramatically increase the scope of this litigation by including numerous new defendants

and claims that have nothing to do with the allegations in the operative pleading. As the Court explained above, there is little doubt that Plaintiff's efforts are an attempt to circumvent filing restrictions imposed by this District. This Court will no longer continue to expend limited judicial resources on Plaintiff's vexatious and malicious filings. According to 28 U.S.C. § 1915, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(I). "The analysis for dismissal with prejudice as a Rule 41(b) sanction is also appliable to finding malicious conduct pursuant to § 1915(e)(2)(B)(I)." *Escobar v. Foster*, No. 12-cv-00489-CMA-KLM, 2013 WL 5878409, at *8 (D. Colo. Oct. 31, 2013). Therefore, if Plaintiff persists in abusing his ability to file documents in this case to attempt to circumvent filing restrictions in this District, then the Court will have no choice but to recommended dismissal of this case pursuant to Rule 41 and 28 U.S.C. § 1915. Such a recommendation will be without further notice to Plaintiff.

## **CONCLUSION**

Accordingly, the Court respectfully recommends **DENYING** Plaintiff's Motion [filed April 25, 2022; ECF 199].[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

Respectfully submitted this 2nd day of May, 2022, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge