IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-00037-RM-MEH

JABARI J. JOHNSON,

    Plaintiff,

v.

GILES, et al.,

    Defendants.

# ORDER

Before the Court are nine Motions—all but one of which were filed by Plaintiff—as well as three Recommendations by the magistrate judge (ECF Nos. 134, 190, 202) which address (1) the CDOC Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 121); (2) Plaintiff's Motion Requesting to Amend and Supplement Case (ECF No. 187); and (3) Plaintiff's Motion Requesting Supplemental Complaint (ECF No. 199). Plaintiff has filed an Objection to the first Recommendation (ECF No. 143), and the CDOC Defendants filed a Response (ECF No. 151). But no objections have been filed to the other Recommendations. Nor have Defendants responded to any of Plaintiff's other Motions. This Order addresses the pending Motions, dismisses the claims against the CDOC Defendants, and directs Plaintiff to show cause why this case should not be dismissed in its entirety.

**I.      BACKGROUND**

Plaintiff, a state prisoner proceeding pro se, brings this action under 42 U.S.C. § 1983,

asserting that various Colorado Department of Corrections officials violated his rights under the Eighth Amendment while he was an inmate at Sterling Correctional Facility. According to the Amended Prisoner Complaint, on February 13, 2018, Defendants Giles and Tonche were transporting Plaintiff to another unit within the facility when he complained of excruciating pain in his right foot due to an untreated fracture. (ECF No. 4 at 6.) Although Plaintiff declared a medical emergency, these Defendants declined his request for medical assistance and, after he fell, began dragging him to the other unit. (*Id.*) After Plaintiff told them their actions were being recorded on camera, these Defendants repeatedly slammed him against the wall, injuring his right shoulder and his untreated, fractured jaw. (*Id.* at 7.) Thereafter, Defendant Giles placed his taser on Plaintiff's back, and Defendant Cook arrived. (*Id.*) Plaintiff was then placed in a restraint chair and transported back to the unit from which he came. (*Id.*) Despite several orders from the officials to shut up, Plaintiff continued speaking. (*Id.*) At some point, Defendant Tonche used his thumb to apply pressure to Plaintiff's jaw, inflicting pain and causing him to become unable to speak. (*Id.*) Following these events, Plaintiff's repeated requests for medical assistance were ignored or denied by the officials present, including Defendants Carpenter and Booth. (*Id.*)

      Plaintiff filed his original Prisoner Complaint on January 6, 2020, followed by the Amended Prisoner Complaint about a month later, asserting claims against six Defendants in their individual and official capacities. In September 2020, the Court accepted a Recommendation by the magistrate judge to dismiss without prejudice Plaintiff's official capacity claims for lack of subject matter jurisdiction and to dismiss with prejudice his claims against former Defendant Scott for failure to state a claim. (ECF No. 96.) In September 2021,

the Court accepted another Recommendation to dismiss without prejudice Plaintiff's claims against former Defendant Rallens. (ECF No. 168.) Defendant Booth has not responded to the operative complaint. (*See* ECF No. 179.)

## II. LEGAL STANDARDS

### A. Treatment of Pro Se Plaintiff's Pleadings

The Court construes pro se pleadings liberally, and they are "held to a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "In addition, pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991). However, it is not the Court's role to act as a pro se litigant's advocate. *See id.* at 1110.

### B. Review of a Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### C. Summary Judgment

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir.

2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"The substantive law of the case determines which facts are material." *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

### III. CDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In November 2020, Defendants Giles, Tonche, and Carpenter (the "CDOC Defendants") filed their Motion for Summary Judgment (ECF No. 121), arguing that Plaintiff failed to exhaust his administrative remedies with respect to any claims asserted against them. The Motion was referred to the magistrate judge for a recommendation. After it was fully briefed, the magistrate judge determined that "the undisputed fats demonstrate that Plaintiff did not exhaust administrative remedies before he filed this lawsuit," and therefore "this Court is barred from hearing [his] claims." (ECF No. 134 at 7.) The magistrate judge also determined that "Plaintiff

has not adequately demonstrated that the defects in his exhaustion of administrative remedies were not 'procured from the action or inaction of prison officials.'" (*Id.* at 8 (quoting *Aguilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)).) Accordingly, the magistrate judge recommended that Plaintiff's claims against the CDOC Defendants be dismissed without prejudice due to his failure to exhaust administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA").

In his Objection, Plaintiff reiterates an argument he made in his Response to the CDOC Defendants' Motion, that in June 2020, the law librarian, Reginald Johnson, stole the grievances regarding this case in retaliation for his filing this lawsuit, and therefore the grievance process was unavailable to him. (ECF Nos. 128 at 2; 143 at 1.) But this argument lacks merit. "[T]o properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 459 U.S. 199, 218 (2007) (quotation omitted). "Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Id.* Here, as the CDOC Defendants point out, the applicable procedural rules require filing of a grievance within thirty days of an incident, and the incident giving rise to Plaintiff's claims occurred in February 2018. (*See* ECF No. 151 at 2.) Plaintiff fails to explain how his allegation that the grievances were stolen in June 2020 demonstrates he was prevented from availing himself of the grievance procedure or has any other relevance to the claims in this case. The "proper exhaustion" requirement is not satisfied when prisoners miss deadlines set by the applicable grievance policy. *See Jones*, 549 U.S. at 217-18 (citing *Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006)). And his assertion that he has filed over 1200 grievances in a span of two to four years further belies any suggestion that he was denied

the opportunity to exhaust his administrative remedies. (*See* ECF No. 142 at 1.) In the absence of any evidence that the failure to exhaust in this case was procured by action or inaction of prison officials, *see Aguilar-Avellaveda*, 478 F.3d at 1225, the Court finds there is no genuine issue of material fact as to whether Plaintiff failed to satisfy the requirements of the PRLA and overrules his Objection made on such basis.

### IV.  RECOMMENDATIONS TO WHICH PLAINTIFF DID NOT OBJECT

As noted above, Plaintiff did not object to the magistrate judge's Recommendation (ECF No. 190) to deny his Motion Requesting to Amend and Supplement Case (ECF No. 187) and to strike his proposed Second Amended Complaint (ECF No. 186). The magistrate judge recommended denying the Motion for four reasons: (1) Plaintiff's failure to demonstrate why amendment should be permitted; (2) his failure to comply with the Local Rules; (3) the unreasonable delay it would cause; and (4) Plaintiff's apparent attempt to circumvent the litigation-review procedures for inmate litigants. The Court agrees with the magistrate judge's analysis of these issues and discerns no error on the face of the record. *See Gallegos v. Smith*, 401 F. Supp. 3d 1352, 1356-57 (D.N.M. 2019) (applying deferential review of the magistrate judge's work in the absence of any objection). Accordingly, the Court accepts the Recommendation and incorporates it into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Nor did Plaintiff object to the magistrate judge's Recommendation (ECF No. 202) to deny his Motion Requesting Supplemental Complaint (ECF No. 199), despite obtaining multiple extensions to do so (ECF Nos. 207, 223). The magistrate judge rejected Plaintiff's attempt to add numerous defendants, new claims, and factual allegations, again citing the first, third, and

fourth reasons he relied on in recommending denial of the previous Motion. The magistrate judge further warned Plaintiff that if he persisted in abusing his ability to file documents in an apparent attempt to circumvent the filing restrictions imposed on him, the magistrate judge would recommend dismissal of this case pursuant to Fed. R. Civ. P. 41 and 28 U.S.C. § 1915. Again, the Court agrees with the magistrate judge's analysis of the issues, discerns no error on the face of the record, and accepts the Recommendation.

Further, in light of the filing restrictions already imposed on Plaintiff (*see* ECF No. 9 at 6-8 (finding Plaintiff's filing of twenty-eight cases to be malicious and indicative of Plaintiff's attempts to abuse the judicial system)), his prolific filing both before and after the Recommendation despite receiving multiple warnings about abusing the judicial system, and the fact that only one Defendant remains in this case, the Court directs Plaintiff to show cause why this case should not be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(A)(ii). The Court notes that although Defendant Booth appears to have been served on June 16, 2020, he still has not responded to the Amended Complaint, and no attorney has entered an appearance on his behalf. According to the Amended Complaint, however, Defendant Booth's involvement in the incident is limited to being informed of a remark by Defendant Carpenter, making an unsympathetic comment of his own, and refusing to call for medical assistance. (*See* ECF No. 4 at 8-9.) The Court is not persuaded that these allegations state an Eighth Amendment claim but will permit Plaintiff to respond before dismissing this case in its entirety.

V.   **PLAINTIFF'S OTHER PENDING MOTIONS**

On January 6, 2021, Plaintiff filed a Motion Requesting to Remedy Summary Judgment

under the Jaxon Rule (ECF No. 142), to which Defendants did not respond. To the extent Plaintiff seeks review of any summary judgment granted before this Order, his Motion appears to be unripe. Moreover, because the Court is unable to discern a basis for relief or even what relief the Motion seeks, it is denied without prejudice.

On August 31, 2022, Plaintiff filed a Motion Requesting an Extension of Time of 30 Days also Requesting Appointment of Counsel Due to Ineffective Law Libraries as Staff Retaliate Placing Plaintiff's Life in Imminent Danger (ECF No. 225) and a Motion for Extension of Time Due to Premeditated Murder by Staff Requesting Appointment of Counsel (ECF No. 226), which appear to assert new allegations unrelated to the allegations in this case against individuals who are not defendants in this case. Defendants did not respond to the Motions. In any event, the requests for extensions appear to be moot at this point, and the Court has already rejected similar threadbare requests for appointment of counsel. These Motions are denied.

On November 16, November 17, and December 5, 2022, Plaintiff filed additional Motions seeking appointment of counsel and requesting a status conference. (ECF Nos. 234, 235, 236.) Though Defendants did not respond to these Motions, the Court discerns no basis for granting the requested relief. Therefore, these Motions are denied as well.

**VI.   CONCLUSION**

For the reasons above, the Court:

(1)   OVERRULES Plaintiff's Objection (ECF No. 143), ADOPTS the magistrate judge's first Recommendation (ECF No. 134), and GRANTS the CDOC Defendants' Motion for Summary Judgment (ECF No. 121);

(2)   ADOPTS the magistrate judge's second Recommendation (ECF No. 190), DENIES Plaintiff's Motion to Amend (ECF No. 187), and STRIKES the Proposed Second Amended Complaint (ECF No. 186);

(3)     ADOPTS the magistrate judge's third Recommendation (ECF No. 202) and DENIES Plaintiff's Motion to Supplement (ECF No. 199); and

(4)     DENIES Plaintiff's remaining pending Motions (ECF Nos. 142, 225, 226, 234, 235, 236) for the reasons stated in this Order.

Further, Plaintiff is ORDERED to SHOW CAUSE, on or before April 10, 2023, why the claims remaining against Defendant Booth should not be dismissed for failure to state a claim and this case should not be closed.

DATED this 10th day of March, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge